UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 6:13-CR-31-GFVT-HAI-2 |
| v. | ) | RECOMMENDED DISPOSITION |
| ANDY RAY LEWIS, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 309), the Court considers reported violations of supervised release conditions by Defendant Andy Ray Lewis. This is his third revocation.

Judge Van Tatenhove entered a judgment against Defendant in November 2014 for one count of conspiracy to distribute oxycodone. D.E. 223 at 1. Defendant was sentenced to 20 months of imprisonment, followed by three years of supervised release. *Id*. at 2-3. Defendant began his first supervised release term on December 17, 2015.

On April 14, 2016, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging seven violations of his release terms. *See* D.E. 290. The violations concerned his use of methamphetamine, cocaine, Suboxone, hydrocodone/hydromorphone and buprenorphine. On May 10, 2016, Defendant stipulated to all seven violations. D.E. 289. By judgment entered August 11, 2016, his release was revoked, and he was sentenced to nine months of imprisonment, followed by three years of supervised release. D.E. 293. Defendant was released

1

again on January 19, 2017.

On April 25, 2017, the UPSO issued a Violation Report charging two violations based on a positive urine test for buprenorphine (Suboxone). *See* D.E. 303 at 2. Defendant admitted the violations, and his release was revoked by judgment entered August 3, 2017. D.E. 306. He was sentenced to nine months of imprisonment, followed by three years of supervised release. *Id*. A new condition was added requiring that Defendant complete a three-month inpatient drug treatment program immediately upon release. *Id*. at 5. He was released again on February 20, 2018, and completed the required program.

## I.

On November 29, 2018, the USPO issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges two violations.

First, the Report charges, in Violation #1, a violation of the condition requiring that Defendant refrain from any unlawful use of a controlled substance. According to the Report, Defendant provided a urine specimen on November 6, 2018. On November 15, Alere Toxicology provided results indicating methamphetamine. This is a Grade C violation.

Second, in relation to Defendant's alleged use of methamphetamine, a Schedule II controlled substance, the Report charges Defendant with a violation of the condition requiring him to refrain from committing another federal, state or local crime and the condition forbidding the unlawful possession of a controlled substance. In light of the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime, *i.e.*, simple possession of a controlled substance, a Class E Felony, in violation of 21 U.S.C. § 844(a). This is a Grade B violation.

2

On January 3, 2019, the USPO issued an Addendum to the Report. The Addendum charges a third violation. Violation #3 alleges a Grade C violation of the condition forbidding the commission of another federal, state, or local crime. According to the Addendum,

> On December 30, 2018, the defendant was arrested by an officer of the Williamsburg Police Department and charged with 1) No Seat Belt, 2) No Seat Belt, 3) Improper Windshield, 4) No Brake Light, and 5) Possession of a Controlled Substance – 3rd Degree, Whitley County District Court case number 19-M-4.
>
> Lewis entered pleas of guilty to all charges on January 2, 2019. As to the most serious of the charges, Possession of a Controlled Substance – 3rd Degree (a violation of KRS §218A.1417), he was sentenced to six months of jail, probated for two years, and a fine.

## II.

On January 4, 2019, the Court conducted an initial appearance pursuant to Rule 32.1. D.E. 311. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. The government made an oral motion for interim detention, and Defendant did not argue for release. *Id.* The Court found that detention was appropriate because Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on January 9, 2019, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 314. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established both violations under the standard of section 3583(e). The government moved to dismiss Violation #3. The parties presented an agreed recommended disposition of eighteen months of imprisonment with no supervised release to follow.

### III.

The Court has evaluated the entire record, the Report and Addendum and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute oxycodone, a Class C felony. *See* 21 U.S.C. § 846. Based on this conviction, 18 U.S.C. § 3583(e)(3) provides a maximum incarceration period of 24 months. Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no statutory maximum amount of supervised release that can be imposed upon revocation.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violations #1 and #3 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade B[1] violation, Defendant's Range, under the Revocation Table of Chapter 7, is six to twelve months.

### IV.

At the final hearing, the government acknowledged that the jointly recommended penalty of

---

1 *See* USSG § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

4

18 months' incarceration was above Defendant's Guidelines Range of six to twelve months. It argued, however, that an above-Guidelines sentence was warranted because this is Defendant's third revocation. And each revocation involved the use of controlled substances and took place shortly after his release. Defendant's two prior nine-month sentences did not provide adequate deterrence, and his continued supervision did not serve to protect the public. Defendant completed a three-month inpatient drug abuse program during his most recent supervision, but that did not prevent him from using drugs again. In this circumstance, there was little more the Probation Office could do. The government noted that there was no methamphetamine associated with his underlying offense. The only meth that appears in Defendant's PSR is a dismissed state charge for manufacturing methamphetamine. PSR ¶ 49. The government argued that imprisonment would protect the public for a time, but there is no indication that further supervision or treatment would be fruitful.

Defense counsel agreed that Defendant could not be expected to comply with future supervision and stated that the probation officer thought so as well. Defense counsel pointed out that an eighteen-month sentence was between the Guidelines Range and the statutory maximum. The above-Guidelines sentence was warranted because this is a third violation. The defense agreed that additional drug counseling would be unhelpful.

When asked about his most recent three-month inpatient treatment, Defendant stated that he had completed it and it had helped. However, he explained that where he lives, drugs are "in my face every day; it's just too much."

## V.

The Court recommends adopting the jointly recommended penalty. Congress mandates revocation in a case of this nature. By statute, the Court must revoke Defendant because he

5

possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was involved in a conspiracy to distribute oxycodone. And although the PSR describes him as a "minimal participant" in the conspiracy, *see* USSG § 3B1.2, the crime remains significant.

Defendant's underlying conviction includes a sentence that departed downward from the Guidelines. Although his Range was 27-33 months, he received a sentence of twenty months. Prior leniency provides a ground for imposing a harsher sentence upon revocation. Application note 4 to U.S.S.G. § 7B1.4 counsels that when there was a downward departure at sentencing, "an upward departure may be warranted" on revocation. Here, there was a significant downward departure of seven months. Adding six months above the Range on this revocation is like taking some of that time back. Doing so is especially warranted here, where Defendant's second revocation sentence of nine months was no longer than his first revocation sentence.

The Court next considers Defendant's history and characteristics and the need to deter criminal conduct and protect the public. The circumstances underlying Defendant's conviction suggest he is an addict whose drug use poses a danger to himself and others. Defendant's drug use that led to his first revocation involved four different drugs, and one was taken on at least two occasions. His second was a return to using Suboxone. Now, the third revocation introduces a new

6

drug into the mix—methamphetamine. The violation came after Defendant completed three months of inpatient treatment. Clearly, his drug use has been difficult to deter.

Another aspect of Defendant's history is that he has violated quickly upon release. He lasted about four months the first time and about three months the second time. This time, he lasted longer, but he did spend the first three months of his supervision period in inpatient treatment. The lesson here is that a significant incarceration period is needed to protect the public from Defendant's drug addiction.

Another factor to consider is education, treatment, and training for the Defendant. The parties and the Court agree that the Probation Office has done all it can do. Inpatient drug treatment was mandated upon his prior revocation, but that treatment did not produce compliance.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's conduct here represents a significant breach of the Court's trust. This is his third revocation. He has not rewarded the Court's prior leniency.

A final factor the Court must consider is the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Here, the Court recommends adopting the jointly recommended above-Guidelines sentence. When departing

from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  The Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

This standard is easily met here.  This is Defendant's third revocation.  His last two revocations garnered mid-Guidelines sentences of nine months each.  Historically, he violates quickly.  And three months of inpatient treatment during his most recent supervision period did not prevent him from using drugs.  His original sentence departed downward from the Range.

For the reasons discussed above, the Court finds the recommended penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h).  Defendant's conviction carries no maximum term of supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. 841(b)(1)(C).  As has been already discussed, no new supervision is warranted here.  The parties and the Probation Office agree that Defendant cannot be expected to comply with supervision in the future.  The Court hopes nevertheless that Defendant, upon release, will get serious about changing his circumstances to avoid the allure of illegal drugs.

Based on the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of Violation #1 and Violation #2.

    2.        That Violation #3 be dismissed as requested by the government.

    3.        Revocation with a term of imprisonment of eighteen months.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of January, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge