UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No. 6:13-CR-00031-GFVT-HAI-2 |
| V. | ) | |
| ANDY RAY LEWIS, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1206.] Defendant Andy Ray Lewis has been charged with three violations of his terms of supervised release. *Id.* at 2–3.

In November 2014, this Court entered judgment against Mr. Lewis for one count of conspiracy to distribute oxycodone. [R. 223 at 1.] Mr. Lewis was sentenced to twenty months of imprisonment, followed by three years of supervised release. Mr. Lewis began supervision for the first time on December 17, 2015. Mr. Lewis violated supervision through use of methamphetamine, cocaine, Subuxone, hydrocodone/hydromorphone and buprenorphine. On April 14, 2016, the United States Probation Office (USPO) issued a supervised release violation report alleging seven violations. Mr. Lewis stipulated to all seven, and was sentenced to nine months imprisonment, followed by three years of supervised release.

Mr. Lewis's second period of supervision began on January 19, 2017. Months later, on April 25, 2017, USPO issued a violation report alleging two violations based on a positive urine test for buprenorphine. Mr. Lewis again admitted the violations, and his supervised release was

revoked. Again, he was sentenced to nine months imprisonment and a three-year period of supervised release. Additionally, a new condition was added to Mr. Lewis's supervision: Mr. Lewis was ordered to begin and ultimately complete a three-month inpatient drug treatment program immediately upon release.

On November 29, 2018, the USPO issued this most recent Supervised Release Violation Report. This is Mr. Lewis's third revocation. The Report alleges two violations. Violation #1 alleges that Mr. Lewis violated the condition that he refrain from unlawful use of any controlled substance. This is a Grade C violation. Violation #2 is in relation to defendant's alleged use of methamphetamine. Mr. Lewis is charged with violation of the condition that he refrain from committing another federal, state or local crime. This is a Grade B violation. An addendum to the report charges a third violation. This, too, is a violation of the condition forbidding commission of another federal, state, or local crime. This violation stemmed from a traffic stop, conducted by an officer of the Williamsburg Police Department. Mr. Lewis was cited with driving without a seat belt, improper windshield, no brake light, and possession of a controlled substance. Again, this is a Grade C violation.

On January 4, 2019, Mr. Lewis appeared before Magistrate Judge Ingram for his initial appearance pursuant to Rule 32.1. [R. 311.] Mr. Lewis knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States made an oral motion for detention, and Mr. Lewis did not argue for release. *Id.* Judge Ingram determined that detention was required. *Id.* On January 9, 2019, Judge Ingram held a final revocation hearing wherein Mr. Lewis knowingly, voluntarily, and intelligently stipulated to the violations alleged in the report as well as the violation alleged in the addendum. [R. 314.] Subsequently, Judge Ingram prepared a recommended disposition. [R. 315.]

2

Judge Ingram determined that detention was required. *Id*. On October 9, 2018, Magistrate Judge Hanly A. Ingram held a final revocation hearing where Mr. Helbig competently entered a knowing, voluntary, and intelligent stipulation to all alleged violations set forth in Officer Greiwe's report. [R. 1205.] Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 1206.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Mr. Lewis was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Mr. Lewis's admitted conduct qualifies as a Grade B violation with respect to the second violation, and a Grade C violation with respect to the first and third violations. [R. 315 at 2.] With his criminal history of II and a Grade B[1] violation, Mr. Lewis's range under the Revocation Table is 6–12 months. *See* U.S.S.G. § 7B1.1(b). At the final hearing, the parties jointly recommended to the Court revocation with eighteen months of imprisonment, not to be followed by an additional term of supervised release. [R. 315 at 5.]

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. [R. 315 at 6.] Mr. Lewis's underlying offense is a conviction for conspiracy to distribute oxycodone which, although he was found to be a minimal participant, is a significant crime. *Id.* At sentencing, Mr. Lewis received a downward departure on sentencing for his underlying offense. As previously stated, Judge Ingram noted that this is Mr. Lewis's third revocation proceeding. This and Mr. Lewis's previous revocations all stemmed from continued drug use. Judge Ingram

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

found that Mr. Lewis's conduct was indicative of "an addict whose drug use poses a danger to himself and others." [R. 315 at 6.] Also important to Judge Ingrams analysis was the fact that Mr. Lewis tends to violate his conditions of supervision very quickly following release. *Id.* Mr. Lewis violated just four months into supervision the first time, and only three months the second time. Despite spending the first three months of supervision in an inpatient drug treatment program during his most recent period of supervision, he still ultimately violated his conditions in a way that involves further drug abuse.

In light of the aforementioned factors, Judge Ingram agreed with the parties' position that the Probation Office has done all it can to assist Mr. Lewis. Even court-ordered inpatient treatment did not result in compliance with the conditions of supervision. Ultimately, Judge Ingram agreed with the parties jointly proposed sentence of 18 months incarceration, with no additional term of supervised release. Although the recommended sentence is above the guidelines range, Judge Ingram and the parties agreed that an above-guidelines sentence in this case was sufficient but not greater than necessary to address Mr. Lewis's breach of trust in the Court. Additionally, Judge Ingram found that no additional term of supervision was warranted. Mr. Lewis violated his conditions of supervisions all three times he was released, and quickly. The parties, Probation Office, and Judge Ingram agreed that nothing in Mr. Lewis's history suggests he would be able to comply with supervision in the future.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Lewis has filed a waiver of allocution. [R. 316.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 315**] as to Defendant Andy Ray Lewis is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Lewis is found **GUILTY** of violations #1 and #2;

3. Violation #3 is dismissed as requested by the government;

4. Mr. Lewis's Supervised Release is **REVOKED;**

5. Mr. Lewis is hereby sentenced to a term of incarceration of **eighteen (18) months** with no term of supervised release to follow; and

6. Judgment shall enter promptly.

This the 8th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge